IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 5, 2005

## STATE OF TENNESSEE v. WILLIAM DONALD SMITH

**Appeal from the Circuit Court for Montgomery County**
**No. 40300563     Michael R. Jones, Judge**

———————————

**No. M2004-01374-CCA-R3-CD - Filed August 1, 2005**

———————————

The defendant, William Donald Smith, pleaded guilty to three counts charging aggravated sexual battery, a Class B felony, and five counts charging child rape, a Class A felony. The plea agreement provided for the trial court to determine the sentences, except that the agreement provided that the aggregate sentence would not exceed 50 years and no more than one child rape sentence would be ordered served consecutively with any other sentence. The trial court sentenced the defendant to the following Department of Correction terms: for aggravated sexual battery, concurrent sentences of eight, 10, and 12 years, respectively; and for child rape, two sentences of 20 years each and three sentences of 25 years each. The trial court ran the two 20-year sentences concurrently to each other and to the aggregate 12-year sentence for aggravated sexual battery. It imposed the three 25-year sentences to run concurrently with each other but consecutively to the other five sentences, for a net aggregate sentence of 45 years. On appeal, the defendant challenges the trial court's sentencing determinations. After review, we affirm the judgments as modified.

**Tenn. R. App. P. 3; Judgments of the Circuit Court are Affirmed as Modified.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

Roger E. Nell, District Public Defender; and Russell Church, Assistant District Public Defender, for the Appellant, William Donald Smith.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; John Carney, District Attorney General; and Helen Young, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The record, including a transcript of the plea submission hearing, reveals that the conviction offenses grew out of the defendant's sexual activity with his stepdaughter, a child of less than 13 years of age. The activity consisted of a pattern of actions that occurred over several months.

The defendant initiated the activity by having the victim touch his penis on numerous occasions, actions which resulted in the aggravated sexual battery convictions. He later escalated the activity by orally penetrating the victim with his penis on numerous occasions, actions which resulted in the child rape convictions.

The presentence report indicates that the defendant, age 29 at the time of sentencing, had graduated from high school and had attended one year of college. He had no record of criminal convictions and no record of drug or alcohol abuse, although the defendant said that he had used marijuana between the ages of 18 and 24. According to the report, the defendant's employment history consisted of "non-skilled, laborer-type jobs, mostly in retail sales."

At the sentencing hearing, the defendant testified that when he was first contacted by an officer about allegations of sexual abuse, he voluntarily and truthfully gave a statement in which he admitted in detail his activities with his stepdaughter. He testified that he pleaded guilty "[t]o keep from having anybody else get hurt or any more hurt [sic]. Just to get it over with." The defendant attributed his actions to "things that happened in [his] past," including long-term sexual abuse of him by his sister, beginning when he was seven or eight years old. He testified that his actions were influenced by watching pornography on the "internet."

The trial court applied mitigating factor (1), that the defendant's actions neither caused nor threatened serious bodily injury. *See* Tenn. Code Ann. § 40-35-113(1) (2003). Also, the court applied in mitigation the consideration that the defendant gave a comprehensive confession. *See id.* § 40-35-113(13).

Based upon statements contained in the defendant's confession, the court applied enhancement factor (8), that the "offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement," and factor (16), that the "defendant abused a position of . . . private trust . . . ." *See id.* § 40-35-114(8), (16). Although the defendant had no criminal record prior to the commencement of his offending in the present case, the trial court applied enhancement factor (2), that he had a "previous history of criminal . . . behavior," to the sentences for all but the initial offense; the judge intended to use each offense contained in the indictment as previous history of criminal behavior with respect to each subsequent offense, so that the sentences would "increase as you go along," accounting for the imposition of aggravated sexual battery sentences of eight, 10, and 12 years respectively and child rape sentences of 20 years and 25 years.

The trial court explicitly found that the enhancement factors outweighed the mitigating factors.

The trial court applied Tennessee Code Annotated section 40-35-115(b)(5), that "the defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor," as a basis for imposing some sentences to run consecutively. The trial judge specifically found that the lengthier sentences were warranted based upon the relationship between the defendant and the victim, the six- or seven-month long period of undetected offending against the victim, the nature

and scope of the sexual acts, and the residual mental or psychological damage to the victim, which the court found manifest in the victim's need for continued counseling to counter her feelings of self-blame for the abuse inflicted upon her.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appellant. *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *Id.* If appellate review, however, reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The mechanics of arriving at an appropriate sentence are spelled out in the Criminal Sentencing Reform Act of 1989. At the conclusion of the sentencing hearing, the trial court determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -35-103(5) (2003); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

## I. Sentence Length.

The defendant first addresses the length of his sentences for aggravated sexual battery. He argues that the trial court was prohibited from using factor (8), that the "offense[s] involved a victim and [were] committed to gratify the defendant's desire for pleasure or excitement," to enhance the length of these sentences because sexual arousal or gratification is an element of the offense of aggravated sexual battery. We agree.

A necessary element of sexual battery is "sexual contact." Tenn. Code Ann. § 39-13-504(a) (2003). Sexual contact is "intentional touching . . . if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." *Id.* § 39-13-501(6). Accordingly, because "sexual battery requires that the touching be for the purpose of sexual arousal or gratification. . . . , the offense [of aggravated sexual battery] necessarily includes the intent to gratify a desire for pleasure or excitement." *State v. Kissinger*, 922 S.W.2d 482, 489 (Tenn. 1996). Sentencing courts may not enhance sentences via factors that are "themselves essential elements of the offense as charged in the indictment." Tenn. Code Ann. § 40-35-114

(2003). Thus, we conclude that enhancement factor (8) was erroneously applied to the aggravated sexual battery convictions.

Next, the defendant challenges the application of enhancement factor (8) to the sentences for rape of a child. He posits that the state failed to establish a factual basis for utilizing this factor in sentencing on the rape convictions. *See, e.g., Kissinger*, 922 S.W.2d at 489 (explaining that "a *sexually motivated* rape is committed to gratify a desire for pleasure or excitement" (emphasis added). We disagree that the trial court lacked a factual basis for applying the factor in the rape sentences. The trial court explicitly based its findings, in part, upon the defendant's confession, in which the defendant repeatedly attributed his penetrations of the victim as being the result of his watching "porn on the net." We conclude that this disclosure supports a finding that the child rapes were committed to gratify the defendant's desire for pleasure or excitement.

In his next sentencing issue, the defendant claims that the enhancement of his sentences was accomplished in derogation of his right to have a jury determine factual issues, in line with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The idea that *Apprendi* and *Blakely* denoted constitutional infirmities in Tennessee's sentencing procedures has been defenestrated, however, by our supreme court. *See State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005), *pet. to rehear den'd* (Tenn. 2005). Based upon *Gomez*, we reject the defendant's *Apprendi/Blakely*-based challenges to his sentences.

As Class B felonies, the aggravated sexual battery convictions in the defendant's case are sanctioned by a sentencing range of a minimum of eight years and a maximum of 12 years. *See* Tenn. Code Ann. § 40-35-112(a)(2) (2003). The trial court enhanced one aggravated sexual battery sentence to 10 years and a second to 12 years, and in so doing, the court weighed the enhancement factors, including the misapplied factor (8), heavily. We conclude, therefore, that the misapplication of factor (8) accounts for some enhancement of the aggravated sexual battery sentences that otherwise would not have occurred, and accordingly, we adjust the 10-year sentence to nine years and the 12-year sentence to 11 years. The sentences for aggravated sexual battery are otherwise justified in the record and left undisturbed.

As Class A felonies, the child rape convictions in the defendant's case are sanctioned by a sentencing range of a minimum of 15 years and a maximum of 25 years. *See id.* § 40-35-112(a)(1). The trial court enhanced two of the five child rape sentences to 20 years each and enhanced the other three to 25 years each. The enhancement factors applied justify these sentences, and we affirm the length of each sentence for rape of a child.

*II. Consecutive Sentencing.*

A determination to impose some sentences to run consecutively to other sentences must be predicated upon the finding of a basis specified in Tennessee Code Annotated section 40-35-115(b). For purposes of ordering the present defendant's sentences, the trial court relied upon factor (5), that

-4-

> [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims . . . .

*Id.* § 40-35-115(b)(5).

In the present case, the defendant primarily takes issue with the trial court's heavy weighing of the "nature and scope of the sexual acts" and its reliance upon "the residual . . . mental damage to the victim." *See id.* Nevertheless, we agree with the state that the record supports the trial court's findings pursuant to subsection (b)(5).

The victim was five years old at the time of the offenses and had lived in the home with the defendant since she was a year old. Thus, the abuse of a private trust is palpable. The period of undetected sexual offending against the victim – approximately seven months – was extensive. Although all rapes by definition entail penetration, the nature of the child rapes in the present case was egregious; on three or four occasions, the defendant put his penis inside the mouth of the naked, five-year-old victim. The trial court's finding that the victim suffered mental damage was justifiably based upon the presentence report's victim-impact statement, in which the victim's mother stated that the victim remains scared to go to Walmart (the place of the defendant's last employment), believes that she would be "put in jail because she did something wrong" and that "what has happened . . . is her fault," and needs continued counseling, especially in view of her having "accidents" at school following each counseling session. *See State v. William L. Vaughn*, No. M2002-01879-CCA-R3-CD, slip op. at 4-6 (Tenn. Crim. App., Nashville, Aug. 1, 2003) (noting that residual damage factor of Code section 40-35-115(b)(5) need not be established to support consecutive sentencing when the remaining factors favor consecutive alignment).

### III. Conclusion.

We affirm the defendant's sentences, except for our modification of the two enhanced aggravated sexual battery sentences, and we affirm the trial court's partial alignment of consecutive sentences.

_____
JAMES CURWOOD WITT, JR., JUDGE

-5-